IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ACTIVISION TV, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | **Civil Action No. 2:13-cv-462** | |
| v. § | | |
| § | | |
| CENTURYLINK, INC. D/B/A § | **DEMAND FOR JURY TRIAL** | |
| CENTURY LINK COMMUNICATIONS, § | | |
| § | | |
| Defendant. § | | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Activision TV, Inc. ("Plaintiff"), by way of this Complaint for Patent Infringement ("Complaint") against Defendant CenturyLink, Inc. d/b/a Century Link Communications ("Defendant"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff Activision is a corporation organized under the laws of Delaware with its principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.

2. Upon information and belief, Defendant is a corporation organized under the laws of Louisiana with a place of business at 450 Main Street, Lake Dallas, Texas 75065.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant at least because Defendant has ongoing and systematic contacts with this District and the United States.

6. Venue is proper in this District under 28 U.S.C. §§ 1400 (b) and 1391.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NOS. 7,369,058 and 8,330,613

7. Plaintiff repeats and realleges the allegations of paragraphs 1 through 6 as though fully set forth herein.

8. On May 6, 2008, United States Patent No. 7,369,058 ("the '058 Patent"), entitled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

9. On December 11, 2012, United States Patent No. 8,330,613 ("the '613 Patent," or, collectively with the '058 Patent, the "Activision Patents"), entitled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '613 Patent is attached as Exhibit B to this Complaint.

10. Plaintiff Activision, as the assignee and owner of all right, title, and interest in and to the Activision Patents, has the right to assert causes of action arising under said patents and the right to any remedies for infringement thereof.

11. Defendant has been directly infringing and continues to directly infringe one or more claims of each of the Activision Patents in the United States at least by using digital signage systems in locations throughout the United States in violation of 35 U.S.C. § 271 (a).

12. Because of Defendant's infringement of the Activision Patents, Plaintiff has suffered damages and will continue to suffer damages in the future.

13. Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer such irreparable injury unless Defendant's infringing activities are enjoined.

14. Defendant has had notice of its infringement of the '058 Patent since at least February 7, 2013, when counsel for Activision sent Defendant a notice letter by certified mail.

15. Upon information and belief, Defendant has continued to infringe despite its knowledge of the '058 Patent and Activision's notice of infringement.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the Activision Patents;

B. Permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the Activision patents;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement of the Activision Patents and any continuing or future infringement of the Activision Patents through the date such judgment is entered, together with pre-judgment and post-judgment interest, costs and expenses as justified under 35 U.S.C. § 284;

D. To the extent that Defendant's conduct with respect to the Activision Patents is found to be willful, enhanced damages pursuant to 35 U.S.C. § 284 for such willful infringement of the Activision Patents;

E. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award for Plaintiff's damages for any such acts;

F. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

G. Such other and further relief at law or in equity as the Court deems just and proper.

Dated: June 5, 2013

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

*Attorneys for Plaintiff*
*Activision TV, Inc.*